UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAYMON HOLBERT, | ) |
|            Petitioner, | ) ) ) |
|            v. | )    No. 2:19-cv-00509-JPH-DLP ) |
| RICHARD BROWN Warden, | ) ) |
|            Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Daymon Holbert petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number WVD 19-08-0047. For the reasons explained in this Order, Mr. Holbert's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

### B. The Disciplinary Proceeding

On August 8, 2019, Indiana Department of Correction (IDOC) Disciplinary Hearing Officer Benefiel wrote a Report of Conduct charging Mr. Holbert with "intoxicants," a violation of the IDOC's Adult Disciplinary Code offense B-231. The Report of Conduct provides:

> On 8-8-19 at approximately 8:10 am I DHO Benefiel was reviewing a disciplinary case for Offender Poindexter, Jwaun #149218 who was wrote up on a B-231 "Intoxicants". Offender Poindexter had requested Offender Holbert, Damon #904844 to be a witness to the alleged incident. Offender Holbert provided a written, signed and staff witnessed statement for the case stating, "I had 2 bottle and the c/o thought they was Poindexter. He got them from me not Poindexter." This statement is in regards to Poindexter allegedly having possession of 2 bottles containing a liquid substance that appeared to be intoxicants/alcohol. Officer Stevens wrote a statement also confirming that he obtained the bottles from Offender Holbert, Damon #904844. Due to Offender Holbert stating in writing that he had the said bottles, he is now being charged with a B-231 "Intoxicants".

Dkts 2-1 at 3 & 9-1 (quoting from Offender Jwaun Poindexter's written statement, dkts. 2-1 at 7 & 9-3).

Mr. Holbert was notified of the charge on August 12, 2019, when he received the Screening Report. He pled not guilty to the charge, did not ask for witnesses, and asked for video evidence. Dkts. 2-1 at 4 & 9-2. Later, however, he asked that Officer A. Stevens say who had given him the two bottles. Officer Stevens provided a written statement that he saw Offender Poindexter with the two bottles, that Poindexter fled when told to hand over the bottles, and as Poindexter approached his cell, he handed the bottles to Mr. Holbert. Dkts. 2-1 at 6 & 9-6.

A hearing was held on August 22, 2019. Mr. Holbert's statement in his defense was "I lied on the witness statement. I didn't do what I said on the witness statement." Dkts. 2-1 at 5 & 9-5. Based on that statement, the staff reports (including Officer Steven's conduct report on Offender Poindexter), and Officer Stevens' statement answering Mr. Holbert's question, the hearing officer

2

found Mr. Holbert guilty of possessing intoxicants. *Id.* The sanctions imposed included a fourteen-day earned-credit-time deprivation. *Id.*

Mr. Holbert appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 2-1 at 10-12, 9-7, & 9-8. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Holbert raises four grounds for relief in his petition for a writ of habeas corpus: (1) he was denied the video evidence he requested at screening; (2) he was denied witnesses he requested at screening; (3) the disciplinary hearing officer was not impartial; and (4) insufficient evidence existed to find him guilty of the offense. Dkt. 2 at 5-9.

#### 1. Exhaustion of Administrative Remedies

The Warden responds that Mr. Holbert has failed to exhaust his available administrative remedies as to all grounds except the sufficiency of the evidence. Dkt. 9 at 7-9. He argues that Mr. Holbert did not bring to his attention any issue concerning the video evidence, the witnesses, or the impartiality of the hearing officer. *Id.*

The appeal Mr. Holbert sent to the Warden was a free-flowing complaint about the disciplinary process, focusing heavily on the violation of IDOC policies and procedures:

> On 7/14/19 the day of the incident c/o Stevens was aware of Holbert's #904844 action but choose not to include Holbert in the fold of the incident or give him a conduct report. . . . DHO Benefiel violate policy by writing Holbert on conduct report, when original c/o was already aware of incident, nor was there an investigation. It goes over the time frame of which an conduct report can be written [–] Major Offenses (Class A and B) Policy 02-04-101 VIII 19.A.2: The reporting staff person immediate supervisor shall submit State form 39590, Report of Conduct to the Disciplinary Review Officer in sufficient time (Preferable within 24 hours from the date of the incident) to allow the Disciplinary Review Officer to meet with the offender and schedule a hearing within (7) working days from the date of the incident or from the date that staff person first become aware of alleged violation or after the completion of an investigation by the Internal Affair [ ] DHO

> Benefiel also failed to present an evidence of 2 bottle of intoxicants that was confiscate nor was there any evidence to show what was in the 2 bottles, beside c/o Stevens statement of "liquid that appeared to be intoxicants." Policy 02-04-101 (IX.3.h: In cases where the evidence cannot be retained for long terms (such as home-made alcohol, food items, perishable items or items that pose a serious threat to the safety and security of the facility, staff or offender), photographs or document summaries may be used to preserve the evidence in lieu of keeping the actual evidence. Policy 02-04-101 (IX.3.I: when photographs are kept in lieu of actual evidence the photographs shall be filed in the offender's facility packet and maintained with disciplinary hearing report – Policy 02-04-101 (IX.3.K: All evidence shall be kept in a secure location and chain of custody procedures followed. Nor was there any test done to prove it was alcohol or what was in the bottles as well as documentation. Further more as I told Lt. Fisher I lied on the witness form. Policy 02-04-101 (IX.D.2.I) If a witness appears and testifies or provides a written statement, the witness is required to tell the truth or be subject to disciplinary action(s), Which is a class C 350 lying or providing a false statement.

Dkts. 2-1 at 10-11 & 9-7 [sic].

In reply to the Warden's argument, Mr. Holbert argues that he raised the issues of the violation of his due process rights under the Fifth, Sixth, and Fourteenth Amendments to the Warden and to the IDOC's Final Reviewing Authority. Dkt. 10 at 1-2, 3-4, & 9. But the record is clear that Mr. Holbert did not do so. The administrative appeal narrative never mentioned or implicated due process, did not mention any federal (or state) constitutional right, and raised only one federal issue, arguably in passing, when it is argued that there was insufficient evidence. The thrust of the appeal is Mr. Holbert's argument that IDOC policies and procedures were violated. He cites to specific policies and explains how each was violated, but he does not argue that any policy violation also violated his due process rights. The Court therefore finds merit to the Warden's argument that the issues of witnesses, video evidence, and the impartiality of hearing officer were not presented in Mr. Holbert's administrative appeals.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728,

729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Therefore, Mr. Holbert's first three grounds for relief – denial of witnesses, denial of video evidence, and lack of an impartial hearing officer – cannot be considered by the Court because they have been procedurally defaulted. Habeas corpus relief on these issues is **denied**.

### 2.      Sufficiency of the Evidence

Mr. Holbert contends that the hearing officer's decision is not supported by sufficient evidence. He argues that the bottles were not produced at the disciplinary hearing and no testing was done to verify what was in the bottles. Dkt. 2 at 8-9.

In prison disciplinary habeas corpus cases, challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is *any* evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted) (emphasis added). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

Officer Stevens' report of seeing and confiscating two bottles containing what he thought was alcohol is sufficient evidence that the hearing officer could consider and base a decision on. There is no constitutional requirement that the actual evidence, photographs of the evidence, confiscation reports, or chain of custody documents be presented at the hearing to show the evidence actually existed. This is especially relevant given that Mr. Holbert's defense at the hearing

was that he had lied when he claimed ownership of the bottles, and not that the bottles and alcohol never existed. Likewise, nothing in the screening report indicates that Mr. Holbert claimed the contents of the bottles did not contain alcohol. Dkt. 9-2; dkt. 9-11 (Affidavit of Cassandra Parr, IDOC Screening Officer). Finally, even if Mr. Holbert had requested that the contents of the bottles be tested, the failure to provide the testing is not a ground for habeas corpus relief. There is no constitutional right to laboratory testing of suspected contraband. *See Manley v. Butts*, 599 F. App'x 574, 576 (7th Cir. 2017) (petitioner "not entitled to demand laboratory testing"). So long as other evidence is sufficient, there is no due process violation when laboratory testing is denied. "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Id.*

Habeas corpus relief on Mr. Holbert's assertion of insufficient evidence is **denied**.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Holbert to the relief he seeks. Accordingly, Mr. Holbert's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 10/9/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Daymon Holbert
904844
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Monika P. Talbot
Indiana Attorney General
monika.talbot@atg.in.gov